**SEED MACKALL LLP**
1332 ANACAPA STREET, SUITE 200
POST OFFICE BOX 2578
SANTA BARBARA, CALIFORNIA 93120
TELEPHONE: (805) 963-0669
TELEFAX:   (805) 962-1404
Peter A. Umoff, Bar No. 091220
Alan D. Condren, Bar No. 180624

Attorneys for Barton E. Clemens, Jr., Trustee of
The Jay D. Jaeger Irrevocable Life Insurance Trust

FILED
MAY 21 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: CINDY C. JAEGER,<br><br>                    Debtor.<br>_____<br><br>MONTECITO BANK & TRUST, a California corporation,<br><br>                    Plaintiff,<br><br>vs.<br><br>THE ESTATE OF JAY D. JAEGER; CYNTHIA S. JAEGER; CINDY C. JAEGER also known as CINDY CARLSON JAEGER; THE J.D. JAEGER FAMILY TRUST; ROBERT T. LUDWICK; THE LUDWICK FAMILY TRUST; JL VENTURES, LLC, a California limited liability company; FALCON INVESTMENTS, LLC, a California limited liability company; JASON JAEGER; KEVIN FEWELL; JAEGER LIMITED LIABILITY COMPANY, a California limited liability company; MARS HILL, LLC, a California limited liability company; and DOES 1 through 100, inclusive<br><br>                    Defendants.<br>_____ | Case No. 9:09-bk-10740-RR<br><br>Chapter 7<br><br>(Assigned For All Purposes To Judge Robin L. Riblet)<br><br>Adversary No.<br>assigned to<br>removed action:<br><br><br>NOTICE OF REMOVAL OF LAWSUIT PENDING IN STATE COURT TO BANKRUPTCY COURT<br><br>(28 USC § 1452)<br><br><br>[Declaration of Peter A. Umoff re State Court File filed concurrently herewith] |

///

///

---
1
---
NOTICE OF REMOVAL OF LAWSUIT PENDING IN STATE COURT TO BANKRUPTCY COURT

1  TO ALL PARTIES IN THE LAWSUIT BEING REMOVED AND THEIR ATTORNEYS OF

2  RECORD, AND TO THE SUPERIOR COURT FOR THE COUNTY OF SANTA BARBARA,

3  CALIFORNIA:

4      Barton E. Clemens, Jr., Trustee of the Jay D. Jaeger Irrevocable Life Insurance Trust

5  ("Clemens"), hereby removes the lawsuit entitled <u>Montecito Bank & Trust v. The Estate of Jay D.</u>

6  <u>Jaeger, et al.</u>, Case No. 1304874 (the "Action") formerly pending in the Superior Court of the State

7  of California, for the County of Santa Barbara, Anacapa Division, 1100 Anacapa Street, Santa

8  Barbara, CA 93101, to the United States Bankruptcy Court for the Central District of California,

9  Northern Division, 1415 State Street, Santa Barbara, CA, 93101, pursuant to 28 U.S.C. § 1452(a)

10  and F.R.B.P. 9027(a), and hereby gives notice of such removal to each of the following:

11      1.    The Superior Court of the State of California, for the County of Santa Barbara,

12  Anacapa Division, 1100 Anacapa Street, Santa Barbara, California 93101;

13      2.    (See table below)

| | |
|---|---|
| Eric W. Burkhardt, Esq.<br>Beall & Burkhardt<br>1114 State Street, Suite 200<br>Santa Barbara, CA, 93101 | <u>Attorneys for</u>:<br><br>Cynthia S. Jaeger, Executor of the Estate of Jay D. Jaeger<br><br>Cynthia S. Jaeger<br><br>Cindy C. Jaeger aka Cindy Carlson Jaeger<br><br>Cynthia S. Jaeger, Trustee of the J.D. Jaeger Family Trust |
| Charles S. Bargiel, Esq.<br>Mullen & Henzell, LLP<br>112 E. Victoria Street<br>Santa Barbara, CA 93101 | <u>Attorneys for</u>:<br><br>Robert T. Ludwick<br><br>Robert T. Ludwick, Trustee of the Ludwick Family Trust |

| | |
|---|---|
| Ian M. Guthrie, Esq.<br>Schley, Look, Guthrie & Locker, LLP<br>311 E. Carrillo Street, Suite D<br>Santa Barbara, CA 93101 | <u>Attorneys for:</u><br><br>Falcon Investments, LLC<br><br>Jason Jaeger<br><br>Kevin Fewell<br><br>Jaeger Limited Liability Company<br><br>Jaeger Investments, LLC<br><br>Mars Hill, LLC |

Removal of the Action is based on the following facts:

1. On December 31, 2008, Montecito Bank & Trust ("Plaintiff") filed the Action against all the named defendants therein, including the Debtor in this Bankruptcy case, as well as Does 1 through 100;

2. On April 23, 2009, Plaintiff filed an Amendment to its complaint in the Action to name the Jay D. Jaeger Irrevocable Life Insurance Trust as Doe 1. Clemens, as Trustee, is the correct party to be sued on behalf of the Jay D. Jaeger Irrevocable Life Insurance Trust (the "Trust") and, therefore, Clemens, as Trustee, is the party who appears on behalf of the Trust.

3. The Action arises out of certain loan agreements and guarantees allegedly entered into between Plaintiff and the named defendants in the Action (other than Clemens), including Cindy C. Jaeger, the Debtor in this Bankruptcy case. Plaintiff's original complaint in the Action, which alleges that between $2.75 and $3 million dollars are owing on the loans and guarantees, includes causes of action for breach of contract, fraud, negligent misrepresentation, and constructive trust.

4. On or about May 13, 2009, Plaintiff filed a Motion for Leave to Amend to File First Amended Complaint in the Action, seeking permission to file a First Amended Complaint that would add cause of action for fraudulent transfer to the causes of action included in the original complaint. This proposed fraudulent transfer cause of action seeks to avoid the transfer of certain

///

1  life insurance policies that were transferred to the Trust by the Debtor's deceased husband a few

2  months before his death, the proceeds of which are held by Clemens, as Trustee of the Trust.

3      5.    The Action is not a proceeding before the United States Tax Court.

4      6.    The Action is not a civil action by a governmental unit to enforce its police or

5  regulatory power.

6      7.    The Action formerly was pending in the Superior Court of the State of California for

7  the County of Santa Barbara.

8      8.    On March 5, 2009, Cindy C. Jaeger, Debtor in this bankruptcy proceeding and a

9  defendant in the Action, filed a voluntary Petition for Relief under Chapter 7 of the United States

10  Bankruptcy Code, which is currently pending.

11      9.    By the Action, Plaintiff sues Clemens, as Trustee of the Trust, to set aside the

12  transfer to the Trust by Jay D. Jaeger, the Debtor's deceased spouse, of two unmatured life

13  insurance policies which were owned by Jay D. Jaeger at the time of the transfer and which named

14  the Debtor as beneficiary. Under the terms of the Trust, the insurance proceeds are not subject to

15  the claims of creditors of the Debtor who is a beneficiary of the Trust. Plaintiff claims that Jay D.

16  Jaeger's transfer of ownership of the unmatured life insurance policies to the Trust was fraudulent,

17  and seeks to have the transfer set aside. Clemens is informed and believes that counsel for the

18  Chapter 7 Trustee has advised counsel for Plaintiff and counsel for the Debtor that if the transfer is

19  set aside, the insurance proceeds held by Clemens, as Trustee, belong to the Debtor's Bankruptcy

20  estate. Therefore, the Chapter 7 Trustee is a necessary party to this action and the outcome of

21  Plaintiff's claims in this regard will necessarily affect the Debtor's estate. Further, the Bankruptcy

22  Court is the appropriate forum for the resolution of all creditor claims relating to the insurance

23  proceeds; Plaintiff seeks an advantage over other creditors by pursuing this action in the State

24  Court and subjects, Clemens, as Trustee of the Trust, to multiple claims and lawsuits involving the

25  same facts and legal issues. While Clemens believes that no creditor of the Debtor is entitled to

26  any portion of the life insurance proceeds because, among other things, no fraudulent transfer was

27  made, the ultimate determination in that regard, as well as all of the issues encompassed within it

28  regarding the Debtor's interest, if any, in the life insurance proceeds and the applicability and

1  amount of exemptions will have to be made by the Bankruptcy Court. The Action, therefore, is a

2  core proceeding within the meaning of 28 U.S.C. §§ 157 and 1334.

3      10.    Clemens, as Trustee of the Trust, consents to entry of a final order in the Action by a

4  Bankruptcy Judge.

5      11.    Removal of the Action is proper pursuant to 28 U.S.C. § 1452(a) and F.R.B.P. 9027.

6      12.    Venue for the Action is proper in this Court under 28 U.S.C. § 1452(a), because this

7  Court is the Bankruptcy Court located in the District where the nonbankruptcy court where the

8  Action formerly was pending is located.

9      13.    Pursuant to Local Bankruptcy Rule 9027-1(d)(2), copies of all documents filed in

10  the Action, together with a copy of the docket of the Action from the Santa Barbara County

11  Superior Court are filed concurrently with this Notice of Removal.

12  I declare under penalty under the laws of the United States of America that the foregoing is

13  true and correct, and that this Notice was executed on the 21st day of May, 2009.

14

15  DATED: May 21, 2009.    SEED MACKALL LLP

16

17  By: _____
    Peter A. Umoff
18      Alan D. Condren
    Attorneys for Barton E. Clemens, Jr.,
19      Trustee of The Jay D. Jaeger Irrevocable Life
    Insurance Trust

20

21

22

23

24
F:\PAU\CLEMENS.Jaeger\Pleadings\BANKRUPTCY COURT\Notice of Removal.wpd
25

26

27

28

FORM B104 (08/07)　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| MONTECITO BANK & TRUST, a California corporation | SEE ATTACHMENT. |

RECEIVED
MAY 21 2009
U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

| ATTORNEYS (Firm Name, Address, and Telephone No.) Melissa J. Fassett, Esq., Price, Postel & Parma LLP 200 East Carrillo Street, Fourth Floor Santa Barbara, CA 93101   805/962-0011 | ATTORNEYS (If Known) SEE ATTACHMENT. |
|---|---|
| PARTY (Check One Box Only) ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor   ☐ Other ☐ Trustee | PARTY (Check One Box Only) ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor   ☒ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Plaintiff seeks to set aside transfer of insurance policy of which Debtor was beneficiary and Chapter 7 Trustee claims proceeds are assets of Estate.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ $2.5-$3 million |

Other Relief Sought

FORM B104 (08/07), page 2                                                                                              2007 USBC, Central District of California

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| **NAME OF DEBTOR** <br> CINDY C. JAEGER | | **BANKRUPTCY CASE NO.** <br> 9:09-bk-10740-RR |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District of California | **DIVISIONAL OFFICE** <br> Northern | **NAME OF JUDGE** <br> Robin Riblet |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** | | |
| **DATE** <br> May 21, 2009 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Peter A. Umoff, Attorney for Removing Party | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

## In Re: Cindy C. Jaeger, Debtor
## Bankruptcy Court Case No. 9:09-bk-10740-RR

## ATTACHMENT TO ADVERSARY PROCEEDING COVER SHEET

| DEFENDANTS | ATTORNEYS FOR DEFENDANTS |
|---|---|
|  |  |
| Cynthia S. Jaeger, Executor of the Estate of Jay D. Jaeger, Cynthia S. Jaeger, Cindy C. Jaeger aka Cindy Carlson Jaeger, Cynthia S. Jaeger, Trustee of the J.D. Jaeger Family Trust | Eric Burkhardt, Esq.<br>Beall & Burkhardt<br>1114 State Street, #200<br>Santa Barbara, CA  93101<br>Phone:  805/966-6774 |
| Falcon Investments, LLC, Jason Jaeger, Kevin Fewell, Jaeger Limited Liability Company, Jaeger Investments, LLC, and Mars Hill, LLC | Ian M. Guthrie, Esq.<br>Schley, Look, Guthrie, Locker LLP<br>311 E. Carrillo Street #D<br>Santa Barbara, CA  93101-7475<br>Phone:  805/966-2985 |
| Robert T. Ludwick, Trustee of the Ludwick Family Trust | Charles S. Bargiel, Esq.<br>Mullen & Henzell LLP<br>112 E. Victoria Street<br>Santa Barbara, CA  93101<br>Phone:  805/966-1501 |